GARDINER PROPERTIES, INC., Plaintiff, *v.* SAMUEL LEIDER & SON, INC., et al., Defendants.

Supreme Court, Special Term, New York County, May 21, 1951.

*McDermott, Turner & Hart* for plaintiff.

*Irving Rosenfeld* for defendants.

KOCH, J. Plaintiff and defendant corporation entered into an agreement by the terms of which plaintiff was to obtain a lease for ninety-nine years at a rental of $5,000 per annum. Plaintiff was to construct a theatre building with stores. There was to be no other use of the premises. When the time came to erect the structure, Federal restrictions on the use of the required materials was a bar to construction. Some issue exists as to whether or not it is possible to obtain permission to use these materials, but this question is not controlling and need not therefore be determined were such determination possible on this motion.

Relying on the Federal regulations, plaintiff seeks a declaration that the agreement is void, that its obligations thereunder have terminated and incidentally a money judgment for the earnest money paid on the execution of the agreement.

The theory relied upon is frustration, and the cases relied upon are the so-called coronation cases (*Krell* v. *Henry* [1903], 2 K. B. 740, etc.). Perhaps the most recent application of this doctrine was had in *119 Fifth Ave.* v. *Taiyo Trading Co.* (190 Misc. 123, affd. 275 App. Div. 695). There, on a motion for judgment it was held that the imminence of war and the impact thereof on enemy nationals was or might have been anticipated

or guarded against, and that a factual issue existed in that regard.

That issue is of no avail here, however, since this is a case in which the doctrine of frustration is not applicable (*London & Northern Estates Co.* v. *Schlesinger* [1916], 1 K. B. 20; *Whitehall Court, Ltd.* v. *Ettlinger* [1920], 1 K. B. 680; *Swift* v. *MacBean* [1942], 1 K. B. 375). The agreement is in effect a lease for a term of ninety-nine years, and such an agreement may not be frustrated by governmental regulations, which it is inconceivable can be effective for anything like a substantial part of the term of the leasing agreement.

The complaint is therefore dismissed and judgment is directed in defendant's behalf, without costs. It is not held, however, that frustration is not available as a defense to any action for rent brought while the regulations in question are effective and construction is thereby rendered impossible. This question is left for future disposition when and if action is instituted seeking recovery of rent.